**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASHLEY ORTIZ, on behalf of herself and all other similarly situated,<br><br>                       Plaintiff,<br><br>     v.<br><br>PATRICK J. CALLAHAN, in his capacity as Superintendent of New Jersey State Police, *et al.*,<br><br>                Defendants. | Civil Action No. 21-11146 (MAS) (RLS)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

SINGH, United States Magistrate Judge.

This matter comes before the Court upon the Motion of Plaintiff Ashley Ortiz ("Plaintiff") to Substitute the Class Representative and Amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Motion"). (Dkt. No. 43). Defendants Patrick J. Callahan, in his capacity as Superintendent of New Jersey State Police, Gurbir S. Grewal, in his capacity as Attorney General of the State of New Jersey, and Veronica Allende, in her official capacity as Director of the Office of the Attorney General Department of Law and Public Safety Division of Criminal Justice, (collectively, the "State Defendants")[1] oppose the Motion, (Dkt. No. 46), to which Plaintiff has replied, (Dkt. No. 49). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Motion is GRANTED.

---

[1] Marc Dennis, individually and in his capacity as Coordinator in the New Jersey State Police Alcohol Drug Testing Unit, is also a named Defendant. A clerk's entry of default as to Marc Dennis was entered on July 15, 2021.

## I.    BACKGROUND

By way of background, this action arises out Plaintiff's May 12, 2021, Complaint on behalf of a putative class, asserting claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act based on Defendants' use of and reliance on evidence relating to the Alcotest 7110 MKIII-C instruments used by the State of New Jersey to determine blood alcohol concentration ("BAC") of individuals suspected of driving while intoxicated ("DWI").  (Dkt. No. 1 at ¶ 1, p.2).  On October 15, 2021, the State Defendants moved to dismiss Plaintiff's Complaint based on standing, mootness, and immunity grounds.  (*See* Dkt. No. 24).[2]  Pursuant to a May 31, 2022 Text Order, the Court administratively terminated the Motion to Dismiss without prejudice pending resolution of the instant Motion.  (Dkt. No. 40).

On June 24, 2022, Plaintiff filed the Motion *sub judice*.  (Dkt. No. 43).  Through the Motion, Plaintiff seeks to substitute Thomas Fehr ("Fehr") as the Class representative and supplement the class action complaint.[3]  (Dkt. No. 43-1 at p. 5).  On July 25, 2022, the State Defendants filed their opposition to the Motion, contending that the Court no longer maintained jurisdiction over the matter when Plaintiff "chose to end her involvement in this lawsuit" before class certification and that any amendment would be futile.  (Dkt. No. 46 at p. 1).  On August 17, 2022, Plaintiff filed her reply on the Motion.  (Dkt. No. 49).

## II.    LEGAL STANDARD

Plaintiff seeks leave to amend her complaint pursuant to Federal Rule of Civil Procedure Rule 15(a)(2).  Pursuant to Rule 15(a)(2), a party may amend its pleading upon the opposing party's written consent or with leave of Court.  Fed. R. Civ. P. 15(a)(2).  Courts will freely grant leave to

---

[2] The State Defendants withdrew their initial Motion to Dismiss, which was filed on July 1, 2021. (*See* Dkt. No. 10).
[3] Plaintiff seeks to substitute as Defendants Matthew J. Platkin for Gurbir S. Grewal and Lyndsay Routolo for Veronica Allende.  (Dkt. No. 43-3 at p. 1).  Plaintiff's proposed Amended Class Action Complaint also seeks to add substantive allegations to claims already asserted.  (*See* Dkt. No. 43-3).

amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civil No. 15-5909 (KM), 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Notable here, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

On a motion brought under Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

3

## III.    DISCUSSION

Here, the State Defendants oppose Plaintiff's Motion on the basis that the Court lacks subject

matter jurisdiction because Plaintiff Ortiz's withdrawal of her individual claims render the action as

moot. (*See* Dkt. No. 46 at p. 11).   The State Defendants also oppose the Motion on the basis that

the proposed substitution and amendments would be futile.   (*See* Dkt. No. 46 at 23-38).   The State

Defendants do not appear to challenge the proposed amendments on the basis of undue delay, bad

faith, dilatory motives, or undue prejudice.   (*See* Dkt. No. 46).

Turning first to the jurisdictional issue, the Court finds that it maintains subject matter

jurisdiction to decide the instant Motion.    Article III standing requires a live "justiciable"

controversy throughout the life of a lawsuit. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160

(2016); *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992).   Subject to certain exceptions,

"when claims of the named plaintiffs become moot before class certification, dismissal of the action

is required." *Id.*   However, "[t]he justiciability doctrine is one of uncertain and shifting contours,"

and the mootness doctrine is a flexible one. *U.S. Parole Comm'n v. Geraghty*, 455 U.S. 388, 400-

01 (1980).   As a result, one exception to the mootness doctrine in the class action context arises if

the defendant's actions moot the plaintiff's individual claim for relief. *Richardson v. Bledsoe*, 829

F.3d 273, 279, 283, 286 (3d Cir. 2016).   This mootness exception applies "only in situations where

the mooting of the individual claim 'occurred at so early a point in litigation that the named plaintiff

could not have been expected to file a class certification motion.'" *Id.* at 286 (quoting *Lucero v.

Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011)).   Indeed "[n]umerous

courts in this Circuit and around the country routinely allow pre-certification substitution of lead

plaintiffs in a variety of circumstances." *Wilson v. Quest Diagnostics Inc.*, No. 18-11960, 2020 WL

401814, at *2 (D.N.J. Jan. 24, 2020) (granting leave to amend and substitute class counsel).

Here, Class Counsel represents that it learned that Plaintiff Ortiz had been compensated by

4

state actors for her conviction underlying her individual claim, but that Class Counsel had not been involved in and was not aware of the terms of any such resolution.  (*See* Dkt. No. 43-1 at pp. 8-9). Based on the facts presented, the Court finds that the *Bledsoe* exception to the mootness doctrine applies because it appears that Plaintiff Ortiz's individual claim for compensation may been mooted by the actions of state actors.  Moreover, even if the individual claims of Plaintiff Ortiz were not subject to the exception, this case is distinguishable from *Lusardi*, upon which the State Defendants rely.  In *Lusardi*, the class representatives sought to pursue a motion for class certification after they entered into a settlement agreement to broadly release the defendants from all claims in that lawsuit. *Lusardi*, 975 F.2d at 968.  Here, Plaintiff Ortiz is not attempting to continue the lawsuit as the class representative, but rather seeks to withdraw and permit another individual, Fehr, to pursue the claims as class representative.  As to the potential new class representative, Fehr, the State Defendants contend that his individual claims would be futile under a Rule 12(b)(6) analysis.

Turning then to the State Defendants' contentions regarding futility, the Court exercises its discretion and declines to consider the State Defendants' futility arguments in connection with its review of the Motion.  *See Colombo v. Bd. of Educ. For the Clifton Sch. Distr.*, No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citing *in re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)).  Rather, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court fines that these arguments are better suited for consideration in the context of a motion to dismiss." *Id.* (citations omitted).

Accordingly, Plaintiff's Motion is hereby GRANTED.  The State Defendants, however, may raise futility arguments by way of a motion to dismiss after the filing of the amended class action complaint.

IV.    **CONCLUSION**

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS** on this **22d** day of **August, 2022,**

**ORDERED** that Plaintiff's Motion to Substitute the Class Representative and Amend the Complaint (Dkt. No. 43) is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file the Amended Class Action Complaint within seven (7) days of the entry of this Order; and it is further

**ORDERED** that Defendants shall file a response to the Amended Class Action Complaint within fourteen (14) days of the filing of the Amended Class Action Complaint; and it is further

**ORDERED** that the Clerk of the Court terminate the motions at Docket Entry Numbered 43.

**SO ORDERED**.

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE