**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS FEHR,[1]<br><br>                Plaintiff,<br><br>       v.<br><br>PATRICK J. CALLAHAN, *et al.*,<br><br>                Defendants. | Civil Action No. 21-11146 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Motion (ECF No. 57) to Dismiss Plaintiff Thomas Fehr's ("Plaintiff") Amended Complaint (ECF No. 53) filed by Defendants Patrick Callahan ("Callahan"), Matthew Platkin ("Platkin"), and Lyndsay Ruotolo ("Ruotolo") in this matter,[2] each of whom is named as a Defendant solely in their official capacity as the Superintendent of the New Jersey State Police, Attorney General of New Jersey, and Director of the Attorney General's Division of Criminal Justice respectively. Plaintiff filed a response to the motion (ECF No. 59), to which Defendants replied (ECF No. 62). For the following reasons,

---

[1] This matter was initially captioned using the name of the initial plaintiff, Ashley Ortiz. Because Ms. Ortiz has withdrawn and been replaced by Plaintiff Fehr, the Court will direct the Clerk of the Court to amend the caption of this matter to refer to Plaintiff Fehr as the only currently named Plaintiff. Likewise, as Plaintiff has substituted Defendants Ruotolo and Platkin for former Defendants Allende and Grewal, the Clerk of the Court shall be directed to remove Grewal and Allende from the caption of this matter.

[2] Defendant Dennis, who is named as a Defendant in this matter based on his own alleged misconduct, is not a party to this motion as he defaulted in this matter. (*See* ECF No. 12; ECF Docket Sheet.)

Defendants' motion is granted, and Plaintiff's claims against Defendants Callahan, Platkin, and Ruotolo are dismissed.

**I.     BACKGROUND**

This matter was originally filed by Ashley Ortiz seeking to bring constitutional claims based on her overturned DWI conviction. (*See, e.g.,* ECF No. 1; ECF No. 53 at 2.) Essentially, Plaintiff Ortiz pled that Defendant Dennis falsified evidence related to the calibration and testing of samples collected in DWI cases, and that this evidence led to her improper conviction. Following Ms. Ortiz's decision to withdraw from this matter, Plaintiff's counsel, with the consent of Defendants, filed a motion to amend in which he substituted current Plaintiff Thomas Fehr as the chief Plaintiff in this matter. (*See* ECF Nos. 51-53.)

According to the amended complaint, Plaintiff Fehr (hereafter "Plaintiff") was arrested on DWI charges in Middletown Township, New Jersey, in October 2015. (ECF No. 53 at 5.) Based on evidence which included Dennis's allegedly falsified calibration records indicating Plaintiff was above the legal limit at the time of his arrest, Plaintiff pled guilty to DWI charges. (*Id.*) Following corrective measures imposed by the New Jersey Supreme Court designed to alleviate convictions arising out of Dennis's faulty calibrations, Plaintiff's conviction was overturned and he was provided a "refund, without interest, of the motor vehicle surcharges incurred each year following his conviction." (*Id.* at 21.) Based on these allegations, and Plaintiff's belief that thousands of others are in a similar situation, Plaintiff now seeks to bring his case as a class action. (*Id.* at 21-24.) Plaintiff seeks to raise claims against the moving Defendants for the use of falsified evidence, and the alleged "suppression" of evidence which may have aided PCR petitions prior to the state's actions overturning their convictions. (*Id.* at 25-31.) As relief, Plaintiff seeks damages, refunds of all fines and surcharges with interest, a refund of criminal attorneys' fees, and injunctive relief in the form of an order directing the state of New Jersey to create a new, uniform system for

the resolution of outstanding affected DUI convictions and any similar instances which may arise in the future, notwithstanding that the state has already taken steps to address the issue, which Plaintiff believes are not adequate. (*Id.* at 31-33.)

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

## III.  DISCUSSION

The moving Defendants, all of whom are named in this matter in their official capacities, seek to have Plaintiff's claims dismissed against them as they contend they are entitled to immunity under the Eleventh Amendment. Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts." *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). This immunity from suit extends not only to the State itself, but also to its agencies and arms. *See, e.g., Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013). As "a suit against a state official in his or her *official* capacity is not a suit against the official but rather is a suit against the official's office," state officials are likewise immune under the Eleventh Amendment for claims seeking damages against them in their official capacities. *Id.* (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Suits against state officials in their official capacities seeking equitable or injunctive relief are more complicated. As the Third Circuit has explained,

> Based on its landmark holding in *Ex parte Young*, 209 U.S. 123 [(1908)], the Supreme Court has permitted suits against state officials that seek prospective relief to end an ongoing violation of federal law. *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). The theory behind *Young* is that a state officer lacks the authority to enforce an unconstitutional state enactment, and thus the officer is "stripped of his official or representative character and becomes subject to the consequences of his individual conduct." *Id.* (quoting *MCI Telecomm. Corp v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001)) (internal quotation marks omitted). Plaintiffs can therefore bring suit against state officers, but their remedies are limited to those that are "designed to end a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 [(1985)]. Plaintiffs may not be awarded damages or other forms of retroactive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 103 [(1984)].
>
> That bar on retroactive relief includes forms of equitable relief that are functionally equivalent to damage awards. *Green*, 474 U.S. at 69-70[] (citing *Edelman*, 415 U.S. at 666-69[]). As we explained in *Blanciak v. Allegheny Ludlum Corp.*, "relief that essentially serves to compensate a party injured in the past by the action of a state official, even though styled as something else, is barred

> by the Eleventh Amendment." 77 F.3d at 697-98 (citing *Green*, 474 U.S. at 68[]; *Edelman*, 415 U.S. at 664-68[]). We contrasted such relief with remedies that may have "a substantial ancillary effect on the state treasury," but primarily serve "to bring an end to a present, continuing violation of federal law." *Id.* at 698 (quoting *Papasan v. Allain*, 478 U.S. 265, 278 [(1986)]) (internal quotation marks omitted). The label given to the requested relief is "of no importance"—[courts] must "look to the substance rather than the form of the relief requested" to determine if it is barred by the Eleventh Amendment. *Id.* When an action "is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officers are nominal defendants." *Edelman*, 415 U.S. at 663[] (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 [(1945)]) (internal quotation marks omitted).

*Christ the King*, 730 F.3d at 318-19; *see also Merritts v. Richards*, 62 F.4th 764, 771 (3d Cir. 2023) (the *Ex Parte Young* exception only applies where there is both an "ongoing violation of federal law" and a claim for injunctive relief that "can be properly characterized as prospective"). That "earlier [unconstitutional] actions may have present effect[s], [such as ongoing collateral or financial consequences,] does not mean that they are ongoing" and therefore sufficient to trigger the exception. *Merritts*, 62 F.4th at 772. *Ex Parte Young* and its exception to immunity thus do not apply where the alleged violations have already occurred, and a plaintiff seeks to cure the ongoing consequences of those completed violations. *Id.*

Here, Plaintiff raises claims against the moving Defendants in their official capacities only. He seeks monetary damages; remuneration for fines, fees, and surcharges paid as a result of his conviction; corrections to his records to reflect the vacated conviction; and an order requiring the state to create a new uniform policy for looking into and resolving any outstanding DWI convictions possibly affected by recent state court decisions and the imposition of a new system to deal with any future similar investigations into possible evidence fabrication by state officials. Clearly, Plaintiff's requests for monetary damages and remuneration for allegedly improper fines, fees, and insurance surcharges amount to money damages or the direct equivalent thereof—*i.e.*, a

payment from the State treasury—and are clearly barred by the Eleventh Amendment. *Christ the King*, 730 F.3d at 318-19.

Plaintiff's remaining forms of requested relief are equitable in nature as they seek changes to state records, the adoption of new policies, and further state action. These requests, however, are all based on *completed* alleged constitutional violations – the alleged Due Process violation arising from Defendants' use of allegedly fabricated evidence and failing to immediately inform Plaintiff of the issue prior to overturning his conviction based on the state's review of the facts of his case. Even assuming that Plaintiff's labeling the issue as one of "suppression" of evidence rather than the slow progress of a widespread ongoing state inquiry following the mandates of the state supreme court,[3] the only constitutional violations which are alleged as to Plaintiff have already been completed – any constitutional harm done by Dennis in fabricating evidence or the moving Defendants in failing to immediately publish and identify the issue to Plaintiff was resolved the moment his conviction was overturned. That Plaintiff suffers some ongoing consequences from those completed violations—monetary, as in the case of unremunerated fines, fees, or interest, or personally insomuch as he does not know if his driving record has been properly clarified—does not change the fact that the violations of federal law alleged in this case were completed prior to the filing of the amended complaint. Plaintiff's requests for injunctive relief thus fail to meet the *Ex Parte Young* exception, even as to his "prospective" request for new

---

[3] Plaintiff's construal of the facts as "suppression" of evidence seems mostly to arise out of the fact that his PCR petition was not immediately granted as soon as the Dennis situation came to light in state litigation not directly related to his case, and the fact that several years passed between his filing of a PCR petition and his conviction being overturned. Although it may well be regrettable that the resolution of PCR petitions often takes several years, that is not peculiar or particular to Plaintiff's case – it is a relatively common outcome in a busy state court system. That the process may not have been ideal does not change the fact that Plaintiff achieved the ultimate outcome available to him through his PCR petition – the overturning of his conviction.

procedures and the like, as there is no ongoing violation of federal law to be resolved.[4] As the exception does not apply, the three moving Defendants, who are named in their official capacities only, must be dismissed from this matter as they are entitled to Eleventh Amendment immunity.[5]

## IV.   CONCLUSION

For the reasons expressed above, the moving Defendants' motion to dismiss (ECF No. 57) is granted, and Plaintiff's official capacity claims against the moving Defendants are dismissed. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] As the Third Circuit has made clear, *both* an ongoing violation *and* a request for prospective relief are required for the *Ex Parte Young* exception to apply and prevent Eleventh Amendment immunity from shielding a state party from injunctive relief requests. *Merritts*, 62 F.4th at 771-72. That Plaintiff does seek some prospective relief in the form of new policies and procedures in order to resolve future similar occurrences is not sufficient to warrant application of the exception in the absence of a continuing violation in Plaintiff's case.

[5] Defendants also argue that Plaintiff lacks standing to pursue prospective injunctive relief against them. Defendants' arguments largely relate to the same issue discussed above—the lack of a clear ongoing or imminent violation of Plaintiff's federal rights—and are largely a rehashing of the same issue in a slightly different light. Because Plaintiff's claims shall be dismissed as to the moving Defendants, this Court need not and does not address Plaintiff's standing to bring his now dismissed claims against them.